| AO 10<br>Rev. 1/2010 | FINANCIAL DISCLOSURE REPORT<br>FOR CALENDAR YEAR 2009 | *Report Required by the Ethics*<br>*in Government Act of 1978*<br>*(5 U.S.C. app. §§ 101-111)* |

| 1. Person Reporting (last name, first, middle initial)<br><br>Livingston, Debra A. | 2. Court or Organization<br><br>U.S. Court of Appeals for the Second Circuit | 3. Date of Report<br><br>5/9/2010 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status;<br>magistrate judges indicate full- or part-time)<br><br>United States Circuit Judge. Active status. | 5a. Report Type (check appropriate type)<br><br>☐ Nomination,     Date<br>☐ Initial    ☑ Annual    ☐ Final<br><br>5b. ☐ Amended Report | 6. Reporting Period<br><br>01/01/2009<br>to<br>12/31/2009 |
| 7. Chambers or Office Address<br><br>United States Courthouse<br>500 Pearl Street<br>New York, New York 10007 | 8. On the basis of the information contained in this Report and any<br>modifications pertaining thereto, it is, in my opinion, in compliance<br>with applicable laws and regulations.<br><br>Reviewing Officer_____ Date_____ | |

**IMPORTANT NOTES:** *The instructions accompanying this form must be followed. Complete all parts,*
*checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. Paul J. Kellner Professor of Law | Columbia Law School |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☐ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. 2/1999 | Wolters-Kluwer Law & Business\|Aspen Publishers. Royalty payments on sales of co-authored case book, Comprehensive Criminal Procedure |
| 2. 2007 | See Part VIII. Additional Information. |
| 3. | |

RECEIVED 2010 MAY 12 A 11:01 DISCLOSURE OFFICE

Livingston, Debra A.

| Name of Person Reporting | Date of Report |
|---|---|
| Livingston. Debra A. | 5/9/2010 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|
| 1. 4.4.09 | Wolters-Kluwer Law & Business\|Aspen Publishers (royalties) | $11,151.24 |
| 2. Bi-weekly | Columbia Law School (total 2009 W-2 salary) | $24,613.98 |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

☑ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☐ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | Notre Dame Law School | 2/18-2/20/2009 | South Bend, Indiana | moot court judge | transportation, lodging, meals |
| 2. | Yale Law School | 2/28/2009-3/1/2009 | New Haven, CT | Federalist Society National Student Symposium | " " |
| 3. | Wolters-Kluwer Law & Business\|Aspen Publishers | 3/27/2009 | Boston, MA | Meeting on Criminal Procedure case book | transportation |
| 4. | U.Michigan Law School | 3/31-4/2/2009 | Ann Arbor, MI | Moot court judge | transportation, lodging, meals |
| 5. | ABA & Northwestern Law School | 5/28-5/30/2009 | Chicago, IL | Speaker, ABA Appellate Practice Institute | " " |
| 6. | Federal Bar Council | 10/23-10/25/2009 | Lenox, MA | Panelist, 2009 Fall Bench and Bar Retreat | " " |

| Name of Person Reporting | Date of Report |
|---|---|
| Livingston, Debra A. | 5/9/2010 |

| | | | | |
|---|---|---|---|---|
| 7. Harvard Law School | 10/29/2009 | Boston, MA | Classroom Speaker for Professor John Manning | transportation |

| Name of Person Reporting | Date of Report |
|---|---|
| Livingston, Debra A. | 5/9/2010 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☑ NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☐ NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. The School at Columbia University | Agreement to pay grade school tuition | J |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Livingston, Debra A. | 5/9/2010 |

## VII. INVESTMENTS and TRUSTS -- *income. value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. Citibank, NY, NY Checking and Savings | A | Interest | L | T | | | | | |
| 2. CREF Stock Fund | | None | K | T | | | | | |
| 3. Fidelity Contrafund | A | Dividend | K | T | | | | | |
| 4. Fidelity Convertible Security | B | Dividend | K | T | | | | | |
| 5. Fidelity Growth Co | A | Dividend | K | T | | | | | |
| 6. Fidelity Equity Income II | A | Dividend | K | T | | | | | |
| 7. Fidelity Magellan | A | Dividend | K | T | | | | | |
| 8. NYS Dormitory Authority Bonds | A | Interest | J | T | | | | | |
| 9. TIAA Real Estate | B | Dividend | L | T | | | | | |
| 10. TIAA Traditional Annuity | B | Interest | K | T | | | | | |
| 11. U.S. Savings Bonds | | None | J | T | | | | | |
| 12. Vanguard 078 Asset Allocation | A | Dividend | K | T | | | | | |
| 13. Vanguard 081 International Growth | B | Dividend | L | T | | | | | |
| 14. Vanguard 122 Life Growth Portfolio | A | Dividend | K | T | | | | | |
| 15. Vanguard 163 NY Tax Exempt | A | Interest | K | T | | | | | |
| 16. Vanguard 526 Morgan Growth Admiral | B | Dividend | M | T | Buy (add'l) | 12/28/09 | J | | |
| 17. | | | | | Buy (add'l) | 12/28/09 | J | | |

| 1. Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Livingston, Debra A. | 5/9/2010 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent. or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy. sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 18. Vanguard 548 Small Cap Admiral | B | Dividend | L | T | Buy (add'l) | 12/23/09 | J | | |
| 19. Vanguard 593 Growth & Income Admiral | C | Dividend | M | T | Buy (add'l) | 12/28/09 | J | | |
| 20. Vanguard College Mod Age-Based Mod Grwth (NY 529 plan) | | None | K | T | | | | | |
| 21. Vanguard Hi-Yield Corporate | B | Dividend | K | T | | | | | |
| 22. Vanguard Index 500 | B | Dividend | M | T | | | | | |
| 23. Vanguard Inflation-Protected Securities | A | Dividend | K | T | | | | | |
| 24. Vanguard REIT Index Fund | B | Dividend | K | T | | | | | |
| 25. Vanguard Wellington Fund | C | Dividend | M | T | | | | | |
| 26. Western Asset Government Money Market | A | Interest | J | T | | | | | |
| 27. Western Asset Money Market | B | Interest | L | T | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Livingston, Debra A. | 5/9/2010 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

Part II. Agreements.

-I remain a member of the faculty at Columbia Law School, teaching a reduced schedule consistent with my primary obligation to the judiciary. I receive compensation that is consistent with the outside earned income limitations applicable to judges. I have an agreement with the University that while I remain a faculty member(and subject to all outside earned income and employment provisions of 5 U.S.C. 501-505 and Judicial Conference regulations thereunder), I am eligible for the Primary Tuition Scholarship (PTS), which covers 50% of the tuition at my son's grade school, as well as the college Tuition Exemption Program (for a child who attends Columbia University) or the College Tuition Scholarship (for a child who attends another college). As a faculty member I also remain eligible to live in Columbia University-owned housing (where I live now).

-I continue to have retirement accounts maintained through Columbia University, the individual holdings of which are listed under Part VII. Investments and Trusts.

-As a result of my former employment with the University of Michigan Law School, I continue to have a retirement account maintained through the University of Michigan, the holdings of which are listed under Part VII. Investments and Trusts. Contributions are of course no longer made to those retirement accounts.

Part VI. Liabilities.

Upon re-reading the instructions this year I see that our agreement to pay tuition to The School at Columbia University appears to be reportable and thus should have been noted on prior years' reports as well. This is the same tuition discussed under Part II. Agreements, above, which has been previously disclosed.

Part VII. Investments and Trusts.

-Dividend or other income for CREF stock, TIAA Real Estate, Vanguard College Mod Age-Based Mod Grwth (a New York 529 college savings account) is not reported on statements. All earnings in all the funds are automatically reinvested in the respective funds. TIAA Real Estate reinvested dividends reported are based on calculations of difference in number of shares as reported on quarterly statements.

| Name of Person Reporting | Date of Report |
|---|---|
| Livingston, Debra A. | 5/9/2010 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544